IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.                                                                    No. 2:04-CR-1961 RB

ROGELIO CAMACHO,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Reduce Sentence (Doc. 85) and the Government's Motion to Deny a Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 88). Defendant requests that the Court reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines. The Government acknowledges that Defendant is eligible for a sentence reduction, but requests that the Court deny the sentence reduction. Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court denies Defendant's Motion and grants the Government's Motion.

## I.      Background

On October 7, 2004, Defendant was charged with: (1) conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2; and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 20.) On December 6, 2004, Defendant pleaded guilty to the Indictment pursuant to a plea agreement. (Doc. 41.) The Presentence Investigation Report determined that Defendant's United States

Sentencing Guideline range was 168 to 210 months, based on a total offense level of 30 and a criminal history category of VI.   On June 6, 2005, Defendant was sentenced to 168 months imprisonment, to be followed by a five-year term of supervised release.   (Doc. 74.)

On February 17, 2015, Defendant filed his pro se Motion to Reduce Sentence.   (Doc. 85.) On February 20, 2015, the Court appointed counsel to represent Defendant.   (Doc. 86.)   On September 11, 2015, the United States Probation Office disclosed a memorandum concerning Defendant's eligibility for a reduced sentence under Amendment 782.   Therein, the United States Probation Office concluded that application of Amendment 782 reduced Defendant's total offense level to 28.   A total offense level of 28 combined with a criminal history category of VI results in a guideline imprisonment range of 140 to 175 months.

In its Motion to Deny a Reduced Sentence, the Government agrees with the United States Probation Office the Defendant is eligible for a sentence reduction, but points out that the effective new sentencing range would be 140 to 168 months.   (Doc. 88.)   Additionally, the Government argues that the Court should not grant the sentence reduction due to Defendant's post-sentence misconduct.   (*Id.*)   Defendant has not responded to the Government's motion.

## II.    Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."   *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).   Section 3582(c)(2) permits a district court to reduce a sentence if a defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."   18 U.S.C. § 3582(c)(2).   Thus, a district court has authority to modify a previously imposed sentence if the sentence was based on a sentencing range that was subsequently lowered by a retroactive

amendment to the guidelines.

The Supreme Court has directed that a district court acting pursuant to Section 3582(c)(2) must follow a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 824 (2010). First, the district court must determine whether the defendant is eligible for a sentence reduction under the guideline amendment. *Id*. at 827. Second, the district court must consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in 18 U.S.C. § 3553(a). *Id*. Thus, eligibility for a sentence reduction under a guidelines amendment does not create a right, but rather allows the district court discretion to reduce a sentence. *See United States v. Meridyth*, 573 Fed. App'x. 791, 794 (10th Cir. 2014); *United States v. Osborn*, 679 F.3d 1193, 1195–96 (10th Cir. 2012).

In determining whether a sentence reduction is warranted and the extent of any reduction, the district court must consider the factors set forth in 18 U.S.C. § 3553(a). These factors are the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes by defendant, and any threat to public safety. *Id*. Additionally, the district court "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *See* U.S.S.G. § 1B1.1010 cmt. n.1(B).

## III.    Discussion

Defendant seeks a reduction in his sentence pursuant to Amendment 782, which was effective as of November 2014. Amendment 782 provides a two-level reduction in the base offense level for most drug quantities listed in U.S.S.G. § 2D1.1(c), including, as relevant here, methamphetamine. *See* U.S.S.G. app. C, amend. 782. Amendment 782 has been made retroactively applicable under United States Sentencing Guideline § 1B1.10(d). In that

Defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

Amendment 782 reduced Defendant's total offense level from 30 to 28. As a result, Defendant's guideline sentencing range of 168 to 210 months was reduced to 140 to 168 months. Indeed, the Government agrees that Defendant is eligible for a sentence reduction under Amendment 782. However, the Government maintains that a sentence reduction would be inappropriate given Defendant's misconduct during his incarceration. Thus, the Court has the authority and the discretion to grant a sentence reduction. The question is whether a sentence reduction is appropriate given the Section 3553(a) factors and Defendant's post-sentence misconduct.

Consideration of the factors set forth in 18 U.S.C. § 3553(a) as well as Defendant's post-sentence misconduct leads to the conclusion that a sentence reduction is not warranted in this case. First, the nature of the offense was serious as over eight pounds of methamphetamine and three firearms were involved. Additionally, after he was arrested, Defendant was recorded on jail telephone calls directing his co-defendant to distribute methamphetamine and collect money, which indicates that Defendant was a key player in methamphetamine distribution. Thus, the circumstances of the offense weigh against a sentence reduction. Second, Defendant's history and characteristics militate against a sentence reduction because he has a violent criminal record including aggravated battery and unlawful carrying of a deadly weapon.

Most disconcerting, however, is the fact that Defendant has not changed his ways. Throughout the term of his incarceration, Defendant has engaged in extensive misconduct. (Doc. 88-1.) The Bureau of Prisons' Sentry Disciplinary Report establishes that that Defendant was

disciplined for fourteen offenses including assaulting prison staff, possession of dangerous weapons, threatening bodily harm, and using methamphetamine.    (Doc. 88-1.)    This post-sentencing misconduct spans Defendant's current prison term: the first offense occurred on June 21, 2006 and the most recent offense occurred on October 9, 2015.  (*Id*.)  Considering Defendant's continuing course of post-sentence misconduct, as well as the Section 3553(a) factors, the Court concludes that a sentence reduction would be inappropriate in this case.

## IV.    Conclusion

The Court has authority to grant a sentence reduction because Defendant was sentenced to a term of imprisonment based on a sentencing range that was lowered by the Sentencing Commission.  Defendant is eligible for a sentence reduction under Amendment 782.  However, the sentence reduction would be inappropriate according to the Section 3553(a) factors and Defendant's post-sentencing misconduct.

**THEREFORE**

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 85) is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Deny a Reduced Sentence (Doc. 88) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**